IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JAN 24 2011
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **George A. Wright,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:10cv142 (CMH/IDD)** |
| | ) | |
| **Kimberly H. Runion,[1]** | ) | |
| **Respondent.** | ) | |

MEMORANDUM OPINION

George A. Wright, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of distribution of cocaine entered on a jury verdict in the Circuit Court of Nottoway County, Virginia. By Order dated March 15, 2010, petitioner was directed either to pay the statutory filing fee for this action or to apply to proceed in forma pauperis, and also to file a amended habeas application within thirty (30) days. Petitioner paid the filing fee and, pursuant to a motion for extension of time which was granted, submitted an amended petition on June 2, 2010. On August 24, 2010, respondent filed a Motion to Dismiss and Rule 5 Answer. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed his opposition to the motion to dismiss with a supporting affidavit and exhibits. For the reasons that follow, the claims presented must be dismissed.

[1]Previously, the respondent named in this case was Carol Wallace. However, the warden of Lunenburg Correctional Center, petitioner's institution of confinement, is Kimberly H. Runion. Respondent's request that she be substituted as the proper respondent in this action accordingly will be granted.

## I. Background

On November 2, 2007, petitioner was found guilty by a jury in Nottoway County, Virginia of distribution of cocaine. On December 18, 2007, the trial court sentenced petitioner in accordance with the jury's recommendation to serve twelve (12) years in prison. Commonwealth v. Wright, Case No. CR07000148-00; Resp. Ex. A. Petitioner appealed, raising the sole claim that the evidence was insufficient to sustain the conviction. On September 25, 2008, a judge of the Court of Appeals of Virginia denied that argument on the merits. Wright v. Commonwealth, R. No. 0123-08-2 (Va. Ct. App. Sept. 25, 2008); Resp. Ex. B. Petitioner did not seek review of that determination by a three-judge panel of the Court of Appeals, nor did he apply for further review by the Virginia Supreme Court.

On or about September 14, 2009, petitioner filed a petition for a state write of habeas corpus in the Virginia Supreme Court, reiterating his contention that the evidence was insufficient to support his conviction. The Court dismissed the petition sua sponte on November 4, 2009 on the authority of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert.denied, 419 U.S. 1108 (1975). Wright v. Warden, Lunenburg Corr. Center, R. No. 091899 (Va. Nov. 4, 2009); Resp. Ex. D.

Petitioner filed the instant application for § 2254 relief on January 12, 2010,[2] raising the following claims:

[2] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Wright executed his § 2254 petition on January 12, 2010, Pet. at 7, and it was date-stamped as received by the Clerk on February 8, 2010. Pet. at 1. In the absence of evidence to the contrary, it will be assumed that the petition was filed on January 12, 2010.

1. He was deprived of effective assistance of counsel when his attorney failed to perfect an appeal of his conviction to the Virginia Supreme Court.

2. The evidence was insufficient to sustain the conviction.[3]

## II. This Petition is Time-Barred

A federal petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the state judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, however, the time during which properly-filed state collateral proceedings pursued by petitioner were pending must be excluded. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). If the total time elapsed exceeds one year, the federal petition is untimely and must be dismissed, unless petitioner can establish that he is entitled to equitable tolling of the limitations period. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In the instant case, petitioner's conviction was affirmed by the Virginia Court of Appeals on September 25, 2008. Because petitioner failed to seek further review by the Virginia Supreme Court, his conviction became final thirty days later, on October 25, 2008, when the time expired during which he could have petitioned for such relief. Va. Sup. Ct. Rule 5:14(a). On September 14, 2009, when petitioner filed his state habeas petition in the Virginia Supreme Court, 324 days had passed.

---

[3]Petitioner expresses his claim of insufficient evidence in his initial petition, which he expressly incorporates by reference in the cover letter to his amended petition.

Between November 4, 2009, the date petitioner's state habeas application was denied, and January 12, 2010, the date this federal petition was filed, an additional 69 days passed. When these days are combined they establish that the instant petition was filed 27 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled.

In response to respondent's invocation of the limitations defense, petitioner argues that he is entitled to equitable tolling of the limitations period. The United States Supreme Court recently established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See

Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

In his response, petitioner explains that he was represented at trial and before the Virginia Court of Appeals by appointed counsel Denis McCarthy, Esquire. Petitioner states that McCarthy never notified petitioner when the appeal concluded, nor did he apply for further review by the Virginia Supreme Court on petitioner's behalf. Petitioner himself contacted the Clerk of the Court of Appeals and learned that his appeal had been denied. He then "immediately" filed a complaint against McCarthy with the Virginia State Bar, and went forward with this pro se habeas action to the Virginia Supreme Court.

According to exhibits which are attached to petitioner's affidavit, a subcommittee of the Virginia State Bar found as fact in petitioner's case that attorney McCarthy did not provide petitioner with copies of pleadings, and did not notify petitioner that the appeal before the Virginia Court of Appeals was denied on September 25, 2008. Further, counsel failed to advise petitioner of his options for a further appeal to the Supreme Court of Virginia. In April, 2009, petitioner wrote to the Clerk of the Court of Appeals inquiring about the status of his case, and on April 17, 2009, the Clerk advised petitioner that the case had been dismissed. Petitioner filed a complaint with the Virginia State Bar, which in turn sought a response from McCarthy. McCarthy failed to respond to the complaint, and requested during a subsequent meeting with the Bar's investigator that he be allowed thirty days within which to file a delayed appeal on petitioner's behalf. However, McCarthy cancelled several meetings which were scheduled with the investigator during January, 2010, and when he finally did attend a meeting on January 22, 2010, he advised that he had done nothing to obtain a delayed appeal. Pet. Ex. 1. In part as the result of his conduct in petitioner's case, McCarthy subsequently was disbarred. Pet. Ex. 3.

Despite the unfortunate and clearly unprofessional conduct of counsel in petitioner's state court proceedings, a basis for equitable tolling has not been demonstrated. First, it has been held in a number of cases that ineffective representation by counsel generally is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations."). Moreover, petitioner's own exhibits demonstrate that he learned on April 17, 2009 that his appeal to the Virginia Court of Appeals had been denied, but he did not file his habeas corpus application to the Virginia Supreme Court until September 14, 2009, almost five months later. Even if ineffective representation by counsel under some circumstances could warrant equitable tolling, in this case petitioner's own lack of diligence in pursuing available remedies once he learned that counsel had not done so precludes such relief here. Spencer, 239 F.3d at 630.

Lastly, to the extent that petitioner's reference to himself in his response as a "Pro Se, incarcerated, non-lawyer" might have been intended to suggest that equitable tolling should apply in his case because of his status as an unrepresented layman at law, his argument is unavailing. Petitioner's is not a novel argument, and is one that has been uniformly rejected not only by the Fourth Circuit, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an

unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."), but also by virtually every court that has considered it. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Moreover, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse, 339 F.3d at 246, and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Therefore, this petition is time-barred from federal consideration, and must be dismissed.

**III. Petitioner's Claims are Procedurally Barred**

Even if this petition had been filed timely or equitable tolling were deemed to apply, the Court would be precluded from reaching the merits of petitioner's claims. Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the complaint to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must first have presented the same factual and legal claims raised in his federal habeas application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

Pursuant to these principles, both of the claims petitioner raises here are procedurally defaulted. In his first argument, petitioner raises a freestanding claim that he received ineffective assistance of counsel when his attorney failed to perfect an appeal to the Supreme Court of Virginia. However, such a claim has not been presented to the Virginia courts for adjudication, and it is apparent that any attempt to return to the state forum to do so at this juncture would be futile. According to petitioner's arguments and exhibits in connection with his prayer for equitable tolling, he learned of his attorney's shortcomings in April, 2009, yet when he filed his state habeas corpus petition to the Virginia Supreme Court in September, 2009, he failed to include a claim of ineffective assistance. Under such circumstances, Virginia Code § 8.01-654(B)(2) precludes the filing of a successive habeas corpus application. ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.")

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, although petitioner did not present his first claim to the

Supreme Court of Virginia, it nonetheless is treated as exhausted because he is now precluded from raising it in state court. Therefore, the claim is simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

In his second claim, petitioner contends that the evidence was insufficient to sustain his conviction. After that argument was raised and rejected on the merits in petitioner's appeal to the Virginia Court of Appeals, it was not thereafter presented to the Virginia Supreme Court in the direct appeal process. When petitioner attempted to raise it in his subsequent application for habeas relief to the Virginia Supreme Court, the Court held expressly that the claim was defaulted under the rule of Slayton, 205 S.E.2d at 680. Where a state court has made an express determination that a claim is procedurally defaulted, such a finding is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, petitioner's second claim, like his first, is procedurally barred from federal review.

A claim which is procedurally defaulted nonetheless may be reviewed when a petitioner can show cause for the default and prejudice stemming therefrom, or that a fundamental miscarriage of

justice otherwise will occur. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Here, it is apparent that petitioner cannot meet the cause and prejudice standard to overcome the procedural default of his claims. "In order to demonstrate 'cause' for the default, the petitioner must establish 'that some objective factor external to the defense impeded [petitioner's] efforts' to raise the claim in state court at the appropriate time." Breard v. Pruitt, 134 F.3d 615, 620 (4th Cir.), cert. denied sub nom. Breard v. Greene, 523 U.S. 371 (1998) (quoting Murray, 477 U.S. at 488). Thus, the petitioner must show that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." Hedrick v. True, 443 F.3d 342, 366 (4th Cir.), cert. denied sub nom. Hedrick v. Kelly, 548 U.S. 928 (2006). "[A] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." Rose v. Lee, 252 F.3d 676, 687 (4th Cir.), cert. denied, 534 U.S. 991 (2001). In this case, as discussed above, the facts underlying his present claims clearly were known to petitioner when he filed his habeas corpus application to the Virginia Supreme Court, so on this record it is apparent that he cannot establish cause for their default. Nor can petitioner point to counsel's ineffective representation as cause for the default of his claim of insufficient evidence, because a claim of ineffective assistance that has not been presented to and exhausted in the state courts cannot serve as cause for the procedural default of additional claims. See Murray, 477 U.S. at 488-89; Justus

v. Murray, 897 F.2d 709 (4th Cir. 1990).

Lastly, petitioner has not demonstrated that a fundamental miscarriage of justice will result if his claims are not reviewed on the merits. The fundamental miscarriage of justice exception is explicitly tied to a showing of the petitioner's actual innocence. Schlup, 513 U.S. at 327. A petitioner seeking to use actual innocence as a procedural gateway to assert an otherwise defaulted claim "must offer 'new reliable evidence' ... that was not presented at trial." Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). In addition, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. (quoting Schlup, 513 U.S. at 327). Here, while petitioner challenges the sufficiency of the evidence that was presented at his trial, he offers no new evidence which would call into question the reliability of the jury's verdict. Therefore, petitioner cannot demonstrate a miscarriage of justice sufficient to overcome the procedural default of his present claims.

**IV. No Evidentiary Hearing is Required**

In the cover letter with which he enclosed his amended petition, petitioner states that he "request[s] a plenary hearing on this Petition." Am. Pet., Att. 1. As petitioner's claims can be thoroughly addressed on the existing record, and because he otherwise is not entitled to evidentiary development of his claims, his request for an evidentiary hearing is without merit and will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006); Green v. Johnson, 431 F. Supp.2d 601, 608-17 (E.D. Va. 2006).

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed. An appropriate Order shall issue.

Entered this 24th day of January 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia